**In the Matter of Stanley KAHN, Respondent.**

No. 49S00–1311–DI–731.

Supreme Court of Indiana.

Jan. 17, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent maintained three accounts at Stock Yards Bank: (1) an attorney trust account (the "trust account") to hold funds belonging to Respondent's clients; (2) an operating account (the "operating account") to hold funds for the operation of his law practice; and (3) a tax account (the "tax account") to hold funds to pay Respondent's end-of-year tax obligations.

Since approximately 1996, Respondent employed "T.T." as the office manager of his law office with responsibility for managing and accounting for funds in the trust account, the operating account, and the tax account. Respondent's law firm experienced financial difficulties in 2010. In a misplaced attempt to protect Respondent from the stress of his financial difficulties, T.T. concealed from Respondent the true financial fitness of his law firm and made unauthorized transfers among the bank accounts.

To continue funding the operations of Respondent's law office, T.T. made fifteen transfers totaling $45,640.84 from the trust account to the operating account from July 2010 through December 2010. From January 2011 through March 2011, T.T. made another eighteen transfers from the trust account to the operating account totaling $100,845.10. Because Respondent failed to adequately supervise T.T. or otherwise audit his trust account, Respondent did not discover these unauthorized transfers until December 2011. From May 2011 through December 2011, T.T. also improperly comingled $156,618.64 in client funds into the Stock Yards tax account.

T.T.'s malfeasance caused ten overdrafts on the trust account, which resulted in nine overdraft inquiries from the Commission. T.T. intercepted these inquiries, and on June 15, 2011, T.T. drafted a response to the Commission to which she forged Respondent's signature.

On or around December 1, 2011, another attorney informed Respondent of a pending non-cooperation case against him for failing to timely and completely answer the Commission's overdraft inquiries (Cause Number 49S00–1107–DI–433), and Respondent immediately retained counsel. On December 8, 2011, Respondent was suspended for noncooperation.[1]

Respondent's counsel immediately began investigating the overdrafts and the inquiries from the Commission. Respondent's counsel requested trust account bank statements from T.T. on several occasions to no avail. T.T. finally provided Respondent's counsel with the trust account bank statements, but only after she modified them in an effort to conceal her misdeeds. T.T. eventually admitted to making improper transfers of client funds, forging

---

1. The Commission certified that Respondent had cooperated with its investigation, and Respondent's suspension was terminated as of that date.

Respondent's name to trust account checks, forging Respondent's name on the June 15, 2011 response to the Commission, and comingling law firm funds with client funds in the tax account. Upon discovering T.T.'s misdeeds, Respondent immediately repaid all missing funds to the trust account. Respondent also employed a Certified Public Accountant to comprehensively audit his trust account.

*Aggravating and mitigating facts.* The parties cite the following fact in aggravation: A substantial amount of client funds was put at risk. The parties cite the following facts in mitigation: (1) Respondent has fully and completely cooperated with the Commission's investigation, even waiving his attorney/client privilege so the Commission could interview Respondent's counsel; (2) Respondent has no prior disciplinary history; and (3) no clients were harmed as a result of Respondent's misconduct.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Professional Conduct Rules:

1.15(a): Failure to maintain and preserve complete records of client trust account funds and by comingling law firm funds with client funds.

1.15(c): Withdrawing funds from client trust account before earning fees or incurring expenses.

5.3(b) and Guideline 9.1: Failure to discharge responsibilities regarding supervision of nonlawyer employees.

Admission and Discipline Rule 23(29)(a)(4): Comingling law firm funds with client funds.

**Discipline:** The Court, having considered the submissions of the parties, now approves the following agreed discipline:

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, all stayed subject to completion of 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent will maintain his trust account consistent with the practices set forth in a document entitled "Trust Account Management: Handling Client and Third Party Funds."

(2) At Respondent's expense, Respondent's trust account will be monitored by a Certified Public Accountant, approved by the Commission, who will make detailed quarterly reports to the Commission.

(3) Respondent's probation shall be automatically revoked if there is a judicial finding that he violated the Rules of Professional Conduct or any criminal law during the term of his probation.

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.